UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100<br><br>Order Dismissing |

**This Document Relates to:**

| | |
|---|---|
| *Rebecca Bach v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-13149-DRH-PMF |
| *Sarah Blagg v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-13192-DRH-PMF |
| *Melissa Carli-Walton and Leo Walton v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-11571-DRH-PMF |
| *Carmaletia L. Cruz, et al. v.*<br>*Bayer Pharmaceuticals Corp., et al.*[1] | No. 3:10-cv-12481-DRH-PMF |
| *Lindsey Davis v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-12778-DRH-PMF |
| *Diana Elkins v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-12934-DRH-PMF |
| *Carissa Funk v. Bayer Corp., et al.* | No. 3:10-cv-12453-DRH-PMF |
| *Alesia Goff-Thomas and Andy Thomas v.*<br>*Bayer Schering Pharma AG, et al.* | No. 3:10-cv-12367-DRH-PMF |
| *Natasha Hartsell v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-11655-DRH-PMF |
| *Paulette Monica v. Bayer Corp., et al.* | No. 3:10-cv-11790-DRH-PMF |
| *Rebecca Orr v. Bayer Corp., et al.* | No. 3:10-cv-11636-DRH-PMF |

---

[1] This order applies to plaintiff Carmaletia L. Cruz only.

| | |
|---|---|
| *Kimberly S. Ray v. Bayer Corp., et al.* | No. 3:11-cv-20089-DRH-PMF |
| *Glenda Taylor v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-12947-DRH-PMF |
| *Jill Whitehouse v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-11639-DRH-PMF |

## BAYER HEALTHCARE PHARMACEUTICALS INC.'S MOTION
## TO DISMISS WITHOUT PREJUDICE

This matter is before the Court on defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motion, pursuant to Case Management Order 12 ("CMO 12"),[2] for an Order dismissing plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[3]

Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff.

---

[2] The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

[3] Bayer also filed identical motions to dismiss in *LeKeisha M. Coleman v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:11-cv-10466-DRH-PMF; *Tracie Jo Espinoza v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:10-cv-13058-DRH-PMF; and *Kimberly Harris and Tommy Harris v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:10-cv-12949-DRH-PMF. The motions filed in *Harris* and *Coleman* were subsequently withdrawn. A stipulation of dismissal was filed by the parties in *Espinoza*.

Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, plaintiffs in the above-captioned matters were to have served completed PFSs on or before August 5, 2011. *See* Exhibit A to *Bach* 3:10-cv-13149 Doc. 6.[4] Per Section E of CMO 12, Notice of Overdue Discovery was sent on or before August 26, 2011. *See* Exhibit B to *Bach* 3:10-cv-13149 Doc. 6. As of today's date, Plaintiffs in the above-captioned matters still have not served completed PFSs. Plaintiffs' completed PFSs are thus more than one month overdue.

Under Section E of CMO 12, **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from September 27, 2011, to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[5]

---

[4] Identical motions were filed in each of the above captioned cases. For ease of reference the Court refers to the motion and exhibits filed in *Bach v. Bayer HealthCare Pharmaceuticals, Inc.*, *et al.* No. 3:10-cv-13149-DRH-PMF.

[5] Responses to Bayer's motion to dismiss were due 14 days from September 27, 2011 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. ***See* United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the**

3

To date, none of the plaintiffs in the above captioned member actions has filed a response. Because the Plaintiffs in the above captioned cases have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12. Accordingly, the Court hereby **ORDERS** as follows:

- The **above captioned member actions** are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.
- **Further,** the Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**SO ORDERED**

Digitally signed by David R. Herndon
Date: 2011.10.24 11:11:11 -05'00'

**Chief Judge**                                                                 **Date:  October 24, 2011**
**United States District Court**

---

**Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).